UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROMELLO WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-03286-JMS-MJD |
| | ) |
| HENDRICKS COUNTY SHERIFF'S OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| HENDRICKS COUNTY PROSECUTOR, | ) |
| | ) |
| Interested Party. | ) |

**ORDER ON MOTION TO QUASH**

This matter is before the Court on Non-Party Hendricks County Prosecutor's Office's ("HCPO") Motion to Quash. [Dkt. 30.] For the reasons set forth below, the motion is **DENIED**.

**I. BACKGROUND**

On May 16, 2019, a jury found Plaintiff Romello Webb guilty of Level 2 felony attempted robbery resulting in serious bodily injury and Level 3 felony attempted robbery resulting in bodily injury. [Dkt 1 at 2.] Over a year later, on August 20, 2020, the Indiana Court of Appeals reversed Plaintiff's guilty verdict. Plaintiff now alleges that, as a result of the Hendricks County Sheriff's Office and Detective Tyree's malicious prosecution, he was wrongfully incarcerated for two years. *Id.* at 5. Plaintiff asserts various Constitutional claims, including a claim under the Fourteenth Amendment for due process and equal protection violations, a racial discrimination claim under Section 1983, and claims under the Fourth and

Eighth Amendments, as well as state law claims for intentional infliction of emotion distress, malicious prosecution, and false imprisonment.

As part of discovery in this case, on June 3, 2021, Plaintiff served Non-Party HCPO a subpoena and a request for production of documents for:

> the entire prosecutor's case file for the matter of *State of Indiana v. Romello Webb* under Cause No. 32D05-1807-F2-000015, including, but not limited to, all notes, correspondence, emails, memoranda, letters, transcripts, reports, affidavits, videos, audio recordings, and photographs, and all other documentation contained in the case file.

[Dkt. 31 at 1.] On July 6, 2021, HCPO filed a Motion to Quash, arguing that Plaintiff's request creates an undue burden and also seeks documents protected by the work product protection.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 45, when a motion to quash a subpoena is timely filed, the court must quash or modify the subpoena if it: (1) "fails to allow a reasonable time to comply," (2) "requires a person to comply beyond the geographical limits specified in Rule 45(c)," (3) "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or (4) "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "The party seeking to quash a subpoena bears the burden of establishing the subpoena falls within the Rule 45 criteria." *Odongo v. City of Indianapolis*, 2015 WL 1097400, at *1 (S.D. Ind. Mar. 10, 2015) (quotation and citation omitted). The decision whether to quash a subpoena falls within the district court's discretion. *See Ott v. City of Milwaukee*, 682 F.3d 552, 556 (7th Cir. 2012). Generally, privileges are disfavored because they are in derogation of the search for truth; thus, courts have been historically cautious about their application. *See United States v. Nixon*, 418 U.S. 683, 710 (1974). The party (or non-party as the case may be) asserting the privilege bears the burden of justifying application of a privilege. *Jones v. City of Indianapolis*, 216 F.R.D. 440,

443–44 (S.D. Ind. 2003); *Anderson v. Marion Cty. Sheriff's Dept.,* 220 F.R.D. 555, 561 (S.D. Ind. 2004).

### A. Undue Burden

HCPO argues that Plaintiff's subpoena is both overbroad and vague, requiring "the Prosecutor's Office to comb through all past and present office files in search of any documents which may fit within the confines of Plaintiff's Request. . . . Further, because the Request would require such an extensive search of files both past and present, the Prosecutor's Office would be unable to complete such a search in the limited amount of time granted under the subpoena." [Dkt. 30 at 1-2.]

As an initial matter, the Court notes that HCPO made no attempt to seek an extension to respond to Plaintiff's subpoena and filed their Motion to Quash on the day their response to the subpoena was due. [*See* Dkt. 31 at 1.] Moreover, HCPO made no attempt to demonstrate or quantify their alleged burden. Undue burden or expense, actual or potential, must be shown by "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981). Claims of undue burden are not exempt from the basic principle that unsupported statements of counsel are not evidence. See *United States v. Adriatico-Fernandez*, 2012 WL 6200276 (7th Cir. 2012). HCPO's conclusory argument here does not establish undue burden. As Plaintiff argues, the Documents requested are "specific to the underlying criminal matter prosecuted by HCPO . . . which was pending only from July 2018 until May 2019." *Id.* at 3. Presumably, HCPO maintains some sort of filing system in which it keeps documents for each of its cases. As such, the Court is unclear why the documents Plaintiff seeks are not readily available. HCPO has

certainly not met its burden of demonstrating why the documents sought are not readily available to produce.

In support of its argument, HCPO cites *Davis v. Carmel Clay Schools*, 286 F.R.D. 411, 413 (S.D. Ind. 2012), for the proposition that "when requests for stand-alone prosecutorial notes and communications between prosecutors are irrelevant, they impose an undue burden on the Prosecutor as a non-party and therefore must be quashed." [Dkt. 30 at 2.]  However, HCPO makes no attempt to articulate why some or all of the documents sought by Plaintiff are irrelevant **in this case**.   Plaintiff, in turn, argues that he

> requires documents in HCPO's possession which are relevant to the underlying civil matter, including any line ups and photo arrays relied upon during the criminal investigation.  These items are specifically relevant as Plaintiff alleges that Defendants failed to properly conduct a lineup or photo array of suspects during the investigation.  Since this lawsuit involves claims of malicious prosecution against Defendants, Plaintiff requires the communications, evidence, and other information Defendants provided to HCPO during the investigation.

[Dkt. 31 at 3.]  The Court agrees with Plaintiff, for two reasons.  First, HCPO has not stated with any specificity what burden they would face if they were forced to comply with the subpoena.  Instead, HCPO has move to quash the entire subpoena and has not produced any responsive documents or a privilege log.  Second, although HCPO is not a party to this case, it is foreseeable that they would possess information that is directly relevant to Plaintiff's malicious prosecution claim.  Plaintiff has demonstrated that the documents are highly relevant to his case, as they relate to the underlying facts of this lawsuit and will assist Plaintiff in the discovery of other relevant evidence.

### B.  Work Product Protection

Another basis for the HCPO's refusal to comply with the subpoena is its claim that the documents requested are protected by the attorney work product protection.  Federal Rule of

Civil Procedure 26(b)(3)(A) provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for **another party** or its representative. . . ." (emphasis added).  A third party who is neither a party to nor interested in the action may not assert the work product doctrine to protect its files or documents, even if the person is a party to a closely related lawsuit.  *Galambus v. Consolidated Freightways Corp.*, 64 F.R.D. 468, 473 (N.D. Ind. 1974); *Davis v. Carmel Clay Schools*, 282 F.R.D. 201, 204-05 (S.D. Ind. 2012); 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2024, at 354.  HCPO is not a party to this lawsuit, nor is any former prosecutor a lawyer in this case, and the underlying criminal lawsuit has concluded.  Indeed, several courts have also found specifically that the work product protection is unavailable when a prosecutor in a prior criminal investigation later objects to discovery by a litigant in a subsequent and related civil lawsuit.  *See Ostrowski v. Holem*, 2002 WL 31956039 at *4 (N.D. Ill. January 21, 2002); *Hernandez v. Longini*, No. 96 C 6203, 1997 WL 754041 at *2 (N.D. Ill. November 13, 1997); *Doubleday v. Ruh*, 149 F.R.D. 601, 605-06 (E.D. Cal. 1993); *Gomez v. City of Nashua*, 126 F.R.D. 432, 434 n.1 (D.N.H. 1989).

    Because HCPO has not satisfied its burden under Rule 45, HCPO's Motion to Quash is **DENIED**.

    SO ORDERED.

Dated:  21 JUL 2021

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.